*101 OPINION.
Murdock :
The amount in dispute is designated on the petitioner’s books as a “ Reserve for Consignments ” and has been determined by the Commissioner to be a reserve for contingency and, as such, not a proper deduction from gross income. The petitioner does not now contend that this amount represents in any sense a deduction but that it should be eliminated from its income for the taxable year in that it represents the amount of profit included in those consignment sales noted on its books for the year 1921, which it did not receive in that year because such sales were not made by the consignee, and that the elimination of the amount of profit written up on such consignments is the same thing as a restoration of such unsold merchandise to inventory.
We will pass by the question as to whether or not the proof is sufficient to show that the three accounts represented in this amount are consignment accounts such that title to the merchandise shipped remained in the petitioner until- such merchandise ivas sold by the consignee, inasmuch as we are of the opinion that the evidence is not sufficient for us to find that any part of the amount can be eliminated from income.
A reduction of the petitioner’s income should possibly be allowed if it appears that the petitioner has eliminated from income only those amounts appearing on its books as profit from shipments of flooring not sold during the year but held by the consignees for a future sale for the petitioner’s account. It is therefore necessary for us to inquire whether the petitioner’s evidence sufficiently shows the amount of profit entered on its books and not realized by sale.
*102 The petitioner cites the case of Cleveland Woolen Mills, 8 B. T. A. 49, as authority for the deduction claimed and contends that the two cases are similar. In the Cleveland Woolen Mills case the Board permitted the taxpayer’s net income for the year 1918 to be reduced by the difference between the amount charged to sales of goods shipped to customers and returned by them during the year, and the inventory value of the goods. The amount of this difference was found as a fact by the Board and must be considered by us to have been admitted in the pleadings, or to have been proven by the testimony.
In the present case the sole testimony, aside from that contained in those parts of the petitioner’s books offered in evidence at the hearing, is that as to one of the consignment accounts the merchandise was invoiced to the- consignee at the same price as that given to other concerns of the locality where the consignee was in business. It appears from the contract as to this consignment account contained in our findings of fact that any advance over the invoice price realized by the consignee on a sale was to be apportioned equally between the petitioner and the consignee. The deduction claimed by the petitioner appears in its journal at the close of the year as a reserve for losses of 30 per cent of an amount of ’$47,157.12, unexplained except that it represents consignments of 1921 “ On hand and not sold at 3/11/22 and subject to drop in prices.” We are unable to determine from this explanation alone what part of the reserve covers losses due to a drop in prices as distinguished from an unrealized profit on goods unsold but already included in sales on the petitioner’s books.
In the journal the Southern Flooring Co. account appears from month to month with the merchandise sales, a percentage of the total monthly sales, varying from 40 per cent to 85 per cent, being noted on the books for each month under profit and loss as the gross profit on sales. This is carried out on the books throughout the year, except that for two shipments no notation appears under profit and loss. An examination of the journal shows that while nearly all of the Southern Flooring Co. account was included in merchandise sales and various percentages of profit were noted upon such sales from month to month, no such percentages were carried as a profit upon the two consignment entries of the Taylor Hardwood Flooring Co. There is no explanation to indicate whether the amounts of profit so noted on merchandise sales were included in the amount credited to sales, or whether the different percentages were merely arbitrarily chosen and noted on the journal.
The petitioner’s income return for the year is not before us and any light which might be given by a comparison of the return with the amounts on the petitioner’s books is denied to us. We do not know *103 whether all the amounts charged to profit on the journal were used by the petitioner in computing income before the attempted deduction of the amount in dispute, and, as pointed out above, no profit is entered on some of the Southern Flooring Co. shipments and the exhibits before us contain no amount of profit written up on the Taylor Hardwood Flooring Co. account. As far as the record shows the percentage deducted in the closing entry is purely an arbitrary one and there is not sufficient evidence to enable us to find the correct amount of unrealized income, if any there is. Also, as we do not know, except by inference, the composition or method of determining the amount credited to sales on the petitioner’s books, we would be unable to find the cost of those shipments remaining unsold at the end of the year even if such shipments had been identified which has not been done. Further, the mere fact that remittances for part of the merchandise are not credited on the petitioner’s books does not shoiv conclusively that all or part of this merchandise had not been sold by the consignee during the year, particularly when we do not know Avhether some of these remittances in the Southern Flooring Co. account did not represent an extra profit to the petitioner in accordance with its contract on consignments sold above the inAuice price.
When the petitioner has neglected to prove material facts, we can not indulge in conjecture as to the amount of unsold merchandise, the cost thereof or the amount of the profits which may have been carried on the petitioner’s books and noted on its return and which were not realized by sale through' the consignee. The evidence is insufficient to show the right of the petitioner to exclude from income the amount contended for or any part thereof. - •

Judgment will be entered for the respondent.